IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CDD TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No._____ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HEWLETT-PACKARD COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff CDD Technologies, LLC ("CDD Technologies"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. CDD Technologies is a Texas limited liability company with a place of business located at 719 West Front Street, Suite 242, Tyler, Texas 75702.

2. Defendant Hewlett-Packard Company ("Defendant") is a Delaware corporation with, upon information and belief, a place of business located at 3000 Hanover Street, Palo Alto, California 94304.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in

other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

7. On March 14, 2000, United States Patent No. 6,038,379 (the "'379 patent"), entitled "Data Backup and Restore System for a Computer Network Having Generic Remote File System Agents for Providing Backup and Restore Operations," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '379 patent is attached hereto as Exhibit A.

8. On April 11, 2000, United States Patent No. 6,049,874 (the "'874 patent"), entitled "System and Method for Backing Up Computer Files Over a Wide Area Computer Network," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '874 patent is attached hereto as Exhibit B.

9. On March 31, 1998, United States Patent No. 5,734,340 (the "'340 patent"), entitled "Method and Apparatus for Storing Run-Intensive Information in Compact Form," was duly and lawfully issued by the U.S. Patent and Trademark Office ("USPTO"). A true and correct copy of the '340 patent is attached hereto as Exhibit C.

10. CDD Technologies is the assignee and owner of the right, title and interest in and to the '379, '874 and '340 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,038,379

11. CDD Technologies repeats and realleges the allegations of paragraphs 1 through 10 as if fully set forth herein.

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), upon information and belief, Defendant has infringed and continues to infringe at least claims 1 and 11 of the '379 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, computer-implemented methods for retrieving data in a computer system and computer systems that facilitate backup of remote offices, servers and desktops/laptops connected over a network, including but not limited to, HP Cloud.

13. CDD Technologies is entitled to recover from Defendant the damages sustained by CDD Technologies as a result of Defendant's infringement of the '379 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,049,874**

14. CDD Technologies repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Without license or authorization and in violation of 35 U.S.C. § 271(a), upon information and belief, Defendant has infringed and continues to infringe at least claims 1 and 10 of the '874 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, methods for backing up data and systems for backing up files in user computers, including, but not limited to, HP StoreOnce Backup with StoreOnce Catalyst.

16. CDD Technologies is entitled to recover from Defendant the damages sustained by CDD Technologies as a result of Defendant's infringement of the '874 patent

in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,734,340

17. CDD Technologies repeats and realleges the allegations of paragraphs 1 through 16 as if fully set forth herein.

18. Without license or authorization and in violation of 35 U.S.C. § 271(a), upon information and belief, Defendant has infringed and continues to infringe at least claims 1, 7, 21 and 26 of the '340 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, products, including but not limited to, HP StoreOnce Backup 2000 and 4000 series, that include, among other features, a machine-implemented data compression method.

19. CDD Technologies is entitled to recover from Defendant the damages sustained by CDD Technologies as a result of Defendant's infringement of the '340 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

CDD Technologies hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, CDD Technologies requests that this Court enter judgment against Defendants as follows:

A.  An adjudication that Defendants have infringed the '379, '874 and '340 patents;

B.	An award of damages to be paid by Defendants adequate to compensate CDD Technologies for its past infringement of the '379, '874 and '340 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.	A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDD Technologies' reasonable attorneys' fees; and

D.	An award to CDD Technologies of such further relief at law or in equity as the Court deems just and proper.

Dated: April 17, 2013        */s/Andrew W. Spangler*
Andrew W. Spangler TX SB #24041960
spangler@sfipfirm.com
Spangler & Fussell P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

James A. Fussell, III AR SB #2003193
fussell@sfipfirm.com
Spangler & Fussell P.C.
211 N. Union St., Ste. 100
Alexandria, VA 22314
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

Stamatios Stamoulis DE SB #4606
stamoulis@swdelaw.com
Richard C. Weinblatt DE SB #5080 – LEAD COUNSEL
weinblatt@swdelaw.com
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

*Attorneys for Plaintiff*
*CDD Technologies, LLC*